*W. W. Reynolds, Brewer, Cook & McGowan* and *John C. Heald,* for W. J. Benton & Co.

---

## PETITIONS IN ERROR IN COMMON PLEAS.

[Circuit Court of Mahoning County.]

WILLIAM BROBST' v. VILLAGE OF CANFIELD.

Decided, March Term, 1903.

*Petitions in Error—Refusal of Leave to File in Common Pleas—For Violation of an Ordinance—Reviewable in the Circuit Court.*

The granting of leave to file a petition in error in common pleas for the review of a judgment of conviction under a municipal ordinance is a matter of discretion, and where leave to file is refused the action of the court in so doing is reviewable in the circuit court and where the errors complained of are substantial, the refusal of leave to file will be reversed with directions to permit the filing.

COOK, J.; LAUBIE, J., concurs; BURROWS, J., dissents.

Heard on error.

Plaintiff in error, William Brobst, was convicted in the municipal court for the violation of an ordinance of the village of Canfield, Mahoning county. He made application to the court of common pleas for leave to file a petition in error under Section 1752, Revised Statutes, which was refused, the court placing upon the journal such refusal, to which exception was taken by plaintiff in error, and he now prosecutes error in this court to reverse the order of the common pleas court in refusing leave to file the petition in error.

The contention of defendant in error primarily is that this court has no jurisdiction to review the action of the common pleas court in refusing leave to file the petition in error.

Has this court such jurisdiction? A majority of the court thinks it has. Section 7356, Revised Statutes, provides:

"In any criminal case including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court."

The court of common pleas therefore had jurisdiction to re-- view the conviction under the ordinance.

Section 6709, Revised Statutes, provides:

"A judgment rendered or final order made by any court of common pleas or a judge thereof, may be reversed, vacated or modified by the circuit court of the county wherein such court of common pleas is located, for errors appearing upon the record."

Section 6707, Revised Statutes, provides:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this title."

It is claimed on behalf of defendant in error that there was no action in error pending before the common pleas court because no petition in error had been filed. True, but was it not a special proceeding? Application had been made to the court for leave to file a petition in error; it was done by motion properly filed, of which due notice had been given to the village; the court passed upon the motion, overruling the same, refusing the leave, and making the proper entry on the journal of such refusal.

The case of *Missionary Society* v. *Ely*, 56 Ohio St., 405, was a proceeding in the probate court for the probate of a will. Probate of the will was refused in the probate court; it was appealed to the common pleas court and again probate of the will was refused. A petition in error was filed in the circuit court, and that court dismissed the petition, assigning as the reason for such dismissal that it had no jurisdiction to review the action of the common pleas court. The Supreme Court held:

"1. An application to the probate court to admit an alleged will to probate is a special proceeding within the meaning of that clause of Section 6707, Revised Statutes, which provides that an order affecting a substantial right made in a special proceeding is a final order which may be vacated, modified or reversed, as provided in Title IV of the Revised Statutes.

"2. The order of the common pleas refusing to admit to probate is a final order affecting a substantial right, from which error may be prosecuted to the circuit court, and that court has, by virtue of Section 6709, Revised Statutes, jurisdiction to reverse, vacate or modify such order for error appearing on the record."

In the opinion Spear, J., says, p. 407:

"The contention being whether or not the circuit court had jurisdiction to review the order of the common pleas, the first inquiry naturally is as to the character of that court, and the character of its order refusing to admit the alleged will to probate. Was it a special proceeding, and was the order a final order?

"As to the first inquiry, it seems to us there can be but little difficulty. Our code does not, as does the code of New York, specify that every remedy which is not an action is a special proceeding, nor does our statutes give any definition of an action or a special proceeding. But we suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding. As given by Bouvier, a remedy is 'the means employed to enforce a right, or redress an injury.' Section 5921, Revised Statutes, and cognate sections, give a right to any person to whom any estate has been devised or bequeathed by any last will or to any person interested therein to propound such will for probate, and the proper proof being made that the will was duly attested and executed, and that the testator, at the time of executing the same, was of sound mind and memory, of full age, and not under any restraint, the right exists in the proponent that the court shall admit the will to probate. In no other way can he enforce his right to have the benefit of the provisions of the will. The court, by the mandatory requirement of

the statute, is called upon to determine as to the existence of the right, and it being ascertained that the paper presented is the last will of the deceased, its admission to probate follows as a legal necessity. The law having conferred the right, and authorized an application to a court of justice to enforce it, the proceeding upon such application is of a judicial nature, and, not being an action within the sense of the code, it follows that it belongs to that class known as special proceedings.''

It may be claimed that the order of the common pleas court was not final; that application could be made again to the court. If it could, which is more than doubtful, it would have to be made to the same court and upon the same record, and its action under those circumstances would seem to be final; and, furthermore, Section 1752, Revised Statutes, provides that in case of affirmation or reversal by the common pleas, the judgment may be reviewed in the circuit court. That it affected a substantial right there can be no doubt, as it absolutely determined the right of plaintiff to have the action of the municipal court reviewed.

Finally, it is claimed that Section 1751, Revised Statutes, in effect declares that the refusal of the common pleas court to grant the leave to file a petition in error is final; that in terms it determines that it is not reviewable, and upon this last question only is there any disagreement among the members of the court. The section, so far as important to this inquiry, provides:

''A conviction under an ordinance of any municipal corporation may be reviewed by petition in error, in the same manner and to the same extent as was heretofore permitted on writs of error and *certiorari*, and the judgment of affirmance or reversal may be reviewed in the same manner; and for this purpose a bill of exceptions may be taken, or a statement of facts embodied in the record on the application of any party; but no such petition shall be filed except on leave of the court or a judge thereof, and such court or judge has power to suspend the sentence, as in criminal cases.''

It will be observed, as we have heretofore stated, the section provides that the judgment of the common pleas court of

affirmation or reversal may be reviewed as in other cases, showing that the intent of the Legislature was that the same proceedings should be had as in ordinary criminal cases. Under such circumstances we do not think it possible that it was the intention that, in the first instance, the common pleas court could finally close the door to any investigation of the errors that might appear upon the record, however plain and flagrant. If such was the intention, it certainly would have been expressed in plain and unequivocal terms and not left to inference. Violation of ordinances of municipal corporations are often attended with severe penalties, both by fine and imprisonment, and where our statutes so generally provide for review by proceedings in error, both in civil and criminal cases, the presumption should be very strong that the intention of the act was to prevent review before we could give it such construction.

We do not say that the common pleas court may not be justified in refusing leave to file a petition in error; what we hold is that it is a matter of discretion, a legal discretion, and a final order in a special proceeding which is reviewable, and if the circumstances in each particular case show that the petition should have been filed and the case fully heard upon the errors complained of, this court will reverse for error in refusing the leave.

Counsel for the village calls attention to the case of *Rothwell* v. *Winterstein*, 42 Ohio St., 249. We do not think that case applicable to this case. That was a case in forcible detainer. In such case the judgment is not final, the statute expressly providing that the judgment should not be a bar to any after-action brought by either party, and, as we understand the case, that was the reason for the holding that the refusal of the common pleas court to allow a petition in error to be filed was not reviewable.

We have looked into the errors assigned in the motion for leave to file the petition in error, also as found in the record, and we find them not to be trivial, but substantial and such as should be fully and carefully considered, and, without express-

ing any opinion upon them, it is ordered that the order of the common pleas court, in refusing leave to file a petition in error, be reversed, and the common pleas court directed to permit the filing of the petition in error.

*E. N. Brown,* for plaintiff in error.

*C. A. Manchester,* for defendant in error.


Burrows, J., dissents.

I place my dissent in this case upon the provisions of Section 1752, Revised Statutes, that "A conviction under an ordinance of any municipal corporation may be reviewed by petition in error; * * * but no such petition shall be filed except on leave of the court or a judge thereof."

It is not suggested that the court here mentioned is other than the court of common pleas. Neither is it suggested that the language or meaning of this section is uncertain.

In unequivocal terms it requires the leave of the court of common pleas or a judge thereof, as a condition precedent to the review of a conviction under an ordinance. Since this right to review does not exist except when given by statute, it follows that the refusal of the court of common pleas to allow the petition in error to be filed precludes any further proceedings upon such petition. But it is claimed that this court may review and reverse the order of the court of common pleas refusing such leave, by virtue of the power given the circuit court in Section 7356, Revised Statutes, to review the judgments and final orders of the court of common pleas.

Conceding that the refusal of leave is a final order, still the circuit court has jurisdiction by Section 7360, Revised Statutes, only to affirm or reverse judgments; and can reverse those only that are in their nature and character reversible. An affirmance or reversal in this case would alike leave the plaintiff in error out of court.

To give relief to the plaintiff in error this court must go farther and allow the petition in error to be filed in the court of common pleas. And this, in effect, would amend Section 1752,

Revised Statutes, so that a petition in error could, in such cases, be filed in the court of common pleas on leave of that court or a judge thereof; or, when refused by them, on leave of the circuit court.

If this position is correct, then by Section 7306a, Revised Statutes, this judgment, if reversed by the circuit court, may be reviewed in the Supreme Court. The manifest purpose of the exception in Section 1752, Revised Statutes, is to shut the door of the common pleas against all petitions in error from convictions for municipal offenses which that court or a judge thereof considers lacking in legal merit. This evident purpose of the Legislature is thwarted by the decision made in this case. The grant of power to allow or refuse applications in these cases must, in the nature of the case, be discretionary and exclusive. Any other construction, instead of putting an end to cases whose merit is thus condemned, would give to such offenders an enlarged opportunity for litigation and delay.